UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
NOE LEINHEISER,

                       Petitioner,

        -against-

WARDEN W.S. PILIER,

                       Respondent.

------------------------------------- x

MEMORANDUM DECISION
AND ORDER

21-CV-1191 (GBD) (VF)

GEORGE B. DANIELS, United States District Judge:

*Pro Se* Petitioner Noe Leinheiser filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the constitutionality of his loss of good conduct time while in custody of the Federal Bureau of Prisons ("BOP"). (*See* Pet. for Writ of Habeas Corpus ("Pet."), ECF No. 2.) Petitioner is currently serving a 300-month sentence after pleading guilty to one count of Production of Child Pornography, in violation of 18 U.S.C. § 2251(a), and one count of Interstate Transportation of a Minor, in violation of 18 U.S.C. § 2423(a). (*See* Pet. at 2.) Petitioner contends that while in BOP custody, he was impermissibly sanctioned for possessing a cell phone battery pack, resulting in the revocation of good conduct time and the loss of visiting privileges. Petitioner argues that (1) his constitutional due process rights were violated during his disciplinary hearings and (2) he faced retaliation in violation of his First Amendment rights. (*See id.* at 7.) Petitioner seeks a judicial order vacating the sanctions imposed. (*See id.* at 9.)

Before this Court is Magistrate Judge Valerie Figueredo's January 16, 2024 Report and Recommendation, recommending that Leinheiser's habeas petition be denied. (Report and Recommendation ("Report"), ECF No. 25.) No party filed objections. Having reviewed Magistrate Judge Figueredo's Report for clear error and finding none, this Court ADOPTS the

Report in full and DENIES Petitioner's request for a writ of habeas corpus.

## I. FACTUAL BACKGROUND[1]

### A. The January 4, 2019 Incident

During a search conducted on January 4, 2019, prison officials at FCI Fort Dix found a cell phone battery pack in Petitioner's possession. (Pet. at 5; Decl. of Marc Peakes dated April 27, 2021 ("Peakes Decl."), ECF No. 13, Ex. D at 10.) A BOP lieutenant prepared and signed a report (the "Incident Report") outlining Petitioner's violations of Code 108 (Possession of a Hazardous Tool) and Code 316 (Being in an Unauthorized Area). (Peakes Decl., Ex. D at 10.) After having the Incident Report read to him and receiving a copy, Petitioner affirmed that it was accurate and declined to say anything in his defense. (*Id.*) On January 9, 2019, Petitioner received an updated copy of the Incident Report which contained a second BOP lieutenant's signature affirming that the Incident Report was delivered to Petitioner on January 4, 2019. (*See id.* at 11.)

On March 6, 2019, Petitioner appeared before Hearing Officer Robinson (the "Hearing Officer"). (Peakes Decl., Ex. C at 1–2.) Petitioner was advised of his rights and declined to have a staff representative, call witnesses, or introduce documentary evidence. (*Id.* at 2.) During the hearing, Petitioner admitted that he was "guilty" and stated that "the battery was useless to him" and he was "just going to sell it." (*Id.*)

The Hearing Officer issued a written report on April 12, 2019, concluding that Petitioner violated Code 108, Possession of a Hazardous Tool, "[b]ased upon the greater weight of evidence provided before [him]." (Peakes Decl., Ex. C at 1–2.) The Hearing Officer based his decision on: (1) Petitioner's admission of guilt, (2) the reporting officer's eyewitness account, (3) a 2018

---

[1] The relevant factual and procedural background is set forth in greater detail in the Report and is incorporated by reference herein.

incident where an officer found two cellphones and three cellphone batteries, among other things, in Petitioner's possession, (4) a photograph of the battery pack, and (5) chain of custody logs for the battery. (*Id.* at 2; Peakes Decl., Ex. B at 1–2.) The Hearing Officer expunged the Code 316 violation for Being in an Unauthorized Area in light of Petitioner's "willingness to [accept] responsibility." (Peakes Decl., Ex. C at 2.) Ultimately, the Hearing Officer sanctioned Petitioner with a loss of 13 days of good conduct time, forfeiture of 28 days of non-vested good conduct time, and a loss of visitation privileges for 180 days. (*Id.*)

Petitioner appealed the Hearing Officer's decision on June 16, 2019. (*Id.*, Ex. D at 6–8.) The Regional Director denied Petitioner's appeal, finding "no due process concerns or deviations from policy" and noting that Petitioner was provided "sufficient notice" to prepare evidence and a defense. (*Id.* at 5.) On September 11, 2019, Petitioner appealed the Regional Director's decision. (*Id.* at 2.) The Administrator of National Inmate Appeals denied Petitioner's appeal on January 9, 2020, finding that the determination of the Hearing Officer was "reasonable and supported by the evidence," and Petitioner's "Due Process rights were upheld during the discipline process." (*Id.* at 1.)

## B. The Instant Petition

Petitioner filed the instant habeas petition on February 9, 2021, pursuant to 28 U.S.C. § 2241. (*See* Pet.) Petitioner argues that his due process rights were violated during his disciplinary proceedings. (*Id.* at 7.) Specifically, Petitioner contends that (1) the Hearing Officer's decision was not supported by sufficient reliable evidence and failed to adequately consider his "defense," (2) prison officials altered the Incident Report by "adding information" later on, and (3) prison officials falsely and intentionally reported that Petitioner possessed a cell phone battery, rather than a normal battery pack. (*Id.*) Petitioner also alleges that prison officials retaliated against him

after he exercised his "constitutionally protected right . . . to file grievances" against prison staff. (*Id.*)

Petitioner requests that this Court direct Respondent to expunge the disciplinary action and restore his good conduct time. (*Id.* at 9.) Respondent opposes Petitioner's motion. (*See* Mem. of Law in Opp. to Pet. for Writ of Habeas Corpus ("Opp."), ECF No. 12.)

## II. LEGAL STANDARDS

### A. Reports and Recommendations

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). A magistrate judge's report to which no objections are made is reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citations omitted). "In clear error review, a court should reverse a finding only if it is 'left with the definite and firm conviction that a mistake has been committed,' and not merely if it 'would have decided the case differently.'" *Hernandez v. City of New York*, No. 11 Civ. 6644 (KPF) (DF), 2015 WL 321830, at *2 (S.D.N.Y. Jan. 23, 2015) (quoting *Easley v. Cromartie*, 532 U.S. 234, 242 (2001)).

### B. Habeas Relief Under 28 U.S.C. § 2241 for Loss of Good Conduct Time

This Court may grant a petition for a writ of habeas corpus under 28 U.S.C. § 2241 where someone "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Second Circuit has noted that a "challenge to the *execution* of a sentence—in contrast to the *imposition* of a sentence—is properly filed pursuant to § 2241." *Levine v. Apker*, 455 F.3d 71, 78 (2d Cir. 2006). Here, section 2241 is "the proper vehicle by which a federal prisoner may seek to 'expunge the [BOP's] disciplinary sanctions from his record, including the loss of good time credits.'" *Carter-Mitchell v. Hastings*, No. 12-CV-4168 (GBD)

4

(DF), 2021 WL 8875452, at *4 (S.D.N.Y. Dec. 27, 2021) (quoting *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001)).

## C. *Pro Se* Litigants

Submissions by *pro se* litigants "must be construed 'liberally' and 'interpreted to raise the strongest arguments that they suggest.'" *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006)).

## III. PETITIONER'S HABEAS CORPUS PETITION IS DENIED

Magistrate Judge Figueredo correctly determined that Petitioner's habeas corpus petition fails because (1) Petitioner's disciplinary proceedings complied with the Due Process Clause of the Fifth Amendment and (2) Petitioner has not sufficiently pled a First Amendment violation.

### A. Petitioner's Disciplinary Proceedings Complied with Due Process

Due process rights extend to prisoners in federal custody "when there is a recommendation for the loss of good time credits" because this loss qualifies as a "protected liberty interest." *Wentzel v. Pliler*, No. 21-CV-9245 (AT) (JLC), 2022 WL 9798257, at *6 (S.D.N.Y. Oct. 17, 2022). However, "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Therefore, "the only process due an inmate [in prison disciplinary proceedings] is that minimal process guaranteed by the Constitution," as outlined by the Supreme Court in *Wolff*. *Wentzel*, 2022 WL 9798257, at *6 (quoting *Shakur v. Selsky*, 391 F.3d 106, 119 (2d Cir. 2004)). Consistent with *Wolff*:

> A disciplinary hearing that results in a revocation of a prisoner's good time credits satisfies due process if: (1) the prisoner is provided written notice of the disciplinary charges at least twenty-four hours in advance of the hearing; (2) a neutral and detached hearing body conducts the hearing; (3) the prisoner is afforded an opportunity to present evidence and call witnesses; (4) the prisoner is granted assistance, if necessary, to understand and prepare a defense; and (5) the factfinder provides a written statement of the evidence relied upon

in making its decision and the reasons for the decision.

*Id.* (citing *Wolff*, 418 U.S. at 559, 563–564, 566, 580).

The Magistrate Judge's Report is a well-reasoned analysis of the requirements under *Wolff*. As the Report noted, Petitioner does not contest that the Hearing Officer was impartial, he had the opportunity to present evidence and call witnesses, and he was informed of his right to have assistance from a staff representative. The Report properly determined that Petitioner's disciplinary hearing complied with each of these three requirements. (*See* Report at 15–16.) The Report also properly analyzed the two requirements that Petitioner contests, finding that Petitioner had adequate written notice of the charges against him, and the Hearing Officer's written decision was based on reliable evidence.

### a. Advance Written Notice of the Charges

A written disciplinary notice must be provided at least twenty-four hours in advance of the hearing, and "permit a reasonable person to understand what conduct is at issue so that he may identify relevant evidence and present a defense." *Wentzel*, 2022 WL 9798257, at *7 (quoting *Elder v. McCarthy*, 967 F.3d 113, 128 (2d Cir. 2020)) (internal quotation marks omitted). Magistrate Judge Figueredo correctly found that the Incident Report provided Petitioner with timely written notice of the charges against him. (Report at 15.) As the Report noted, Petitioner received a copy of the Incident Report containing the charges against him nearly two months before his disciplinary hearing. (*See* Peakes Decl., Ex. C at 4.) The Incident Report explained that an officer discovered a cell phone battery on Petitioner and outlined the resulting charges against him. (*Id.* at 1–2.) Thus, the Incident Report satisfied the notice requirement by providing timely written notice explaining the nature of the charges and the evidence supporting those charges.

Petitioner attacks the authenticity of the Incident Report. (Pet. at 7.) Petitioner alleges that

the Incident Report falsely claimed that he possessed a cell phone battery pack, and the report was wrongfully altered. (*Id.*) Magistrate Judge Figueredo correctly determined that neither of these allegations affect the sufficiency of the written notice to Petitioner. (Report at 14–15.)

### b. Written Disposition Based on Some Reliable Evidence

The Supreme Court has held "that the requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits." *Superintendent v. Hill*, 472 U.S. 445, 455 (1985). In construing this evidentiary standard, the Second Circuit has "looked to see whether there was 'reliable evidence' of the inmate's guilt." *Luna v. Pico*, 356 F.3d 481, 488 (2d Cir. 2004) (citations omitted). Although extremely tolerant, this standard "requires some inquiry to determine whether the totality of facts and circumstances reasonably supports the proffered conclusion." *Sira v. Morton*, 380 F.3d 57, 80 (2d Cir. 2004).

As Magistrate Judge Figueredo correctly determined, the Hearing Officer's decision was supported by reliable evidence. (Report at 16–19.) The Hearing Officer relied on Petitioner's admission of guilt; the reporting officer's eyewitness account that Petitioner possessed a cell phone battery pack; the documentary evidence, including a photograph of the battery and the chain of custody log; and a prior incident where two cell phones and three cell phone batteries, among other items, were found in Petitioner's locker. (Peakes Decl., Ex. C at 1–2.) Moreover, Petitioner repeatedly declined to present any contrary evidence or mount a defense at his hearing. (Report at 15.)

While Petitioner challenges the sufficiency of both the Incident Report and his admission of guilt, the Report correctly determined that these arguments are unavailing. Ascertaining whether the Hearing Officer's decision is supported by some evidence in the record "does not require . . . independent assessment of the credibility of witnesses [] or weighing of the evidence."

7

*Hill*, 472 U.S. at 455–56. "Instead, the relevant question is whether there is any [reliable] evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* at 457. As discussed, the Hearing Officer's determination was reliably supported by multiple pieces of evidence. *See Rosario-Santiago v. Pliler*, No. 21-CV-3202 (JPC) (RWL), 2022 WL 2991015, at *6 (S.D.N.Y. July 7, 2022) (finding sufficient support for hearing officer's determinations when based, in part, on documentary evidence); *Livingston v. Kelly*, 423 F. App'x 37, 40 (2d Cir. 2011) (finding sufficient support for disciplinary hearing decision when based on eyewitness officer testimony); *Estrella v. Terrell*, No. 12-CV-0543 (DLI) (LB), 2014 WL 3724813, at *2 (E.D.N.Y. July 25, 2014) (finding sufficient support for hearing officer's decision when based, in part, on chain of custody form).

Because Petitioner received the minimum constitutional protections afforded to federal prisoners during disciplinary proceedings, the Report properly determined that his due process claim fails.

### B. Petitioner Failed to Sufficiently Allege a First Amendment Violation

An "inmate has no general constitutional right to be free from being falsely accused in a misbehavior report," *Boddie v. Schneider*, 105 F.3d 857, 862 (2d Cir. 1997), unless the inmate "is able to show either (1) that he was disciplined without adequate due process as a result of the [false] report; or (2) that the report was issued in retaliation for exercising a constitutionally protected right." *Willey v. Kirkpatrick*, 801 F.3d 51, 63 (2d Cir. 2015) (citations omitted).

In order to assert a First Amendment retaliation claim, Petitioner must allege "(1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against [him], and (3) that there was a causal connection between the protected speech and the adverse action." *Dolan v. Connolly*, 794 F.3d 290, 294 (2d Cir. 2015) (citation omitted). The retaliation claim

"must be supported by specific and detailed factual allegations." *Arriaga v. Otaiza*, No. 20 CV 06992 (PMH), 2021 WL 5449849, at *9 (S.D.N.Y. Nov. 19, 2021) (quoting *Vogelfang v. Capra*, 889 F. Supp. 2d 489, 517 (S.D.N.Y. 2012)).

Petitioner alleges that his First Amendment rights were violated when prison officials falsified the Incident Report in retaliation for his filing grievances against prison staff. (Pet. at 7.) Petitioner's claim fails at the first step of the retaliation analysis. Although "the filing of a prison grievance is a constitutionally protected activity," Petitioner fails to provide any detail regarding the grievances. *Davis v. Goord*, 320 F.3d 346, 352–53 (2d Cir. 2003). As the Report correctly noted, Petitioner merely alleges that he filed grievances against prison staff, yet he fails to detail "who the grievances were filed against, how many grievances he filed, or the substance of the grievances." (Report at 21.) Thus, as the Report found, Petitioner has failed to sufficiently allege that he engaged in a protected activity. (Report at 21 (citing *Arriaga*, 2021 WL 5449849, at *9 (protected activity found when complaint detailed *specific* grievances against an *identified* officer).)

## IV. CONCLUSION

Having reviewed Magistrate Judge Figueredo's Report and Recommendation for clear error and finding none, this Court ADOPTS the Report in full. Leinheiser's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, (ECF No. 2), is therefore DENIED.

The Clerk of Court is directed to close the petition, and this action, accordingly.

Dated: New York, New York
MAR 1 8 2025

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge

9